UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     v.<br><br>EDI CONTRERAS,<br>                    Defendant. | 04 Cr. 550 (SCR)<br><br>MEMORANDUM DECISION AND ORDER |

Stephen C. Robinson, United States District Judge:

**I.     Background**

On April 14, 2004, law enforcement agents executed a court-authorized search warrant at GS Auto Sound ("GS Auto") in New York, New York. After conducting a search of the premises, agents recovered illegal drugs, a firearm, and cash. Defendant Edi Contreras (the "Defendant") was arrested and detained. The following day, Magistrate Judge Mark D. Fox signed the criminal complaint thereby ratifying the arrest and determining probable cause was present. Subsequently, a photographic array was complied of the Defendant. On April 20, 2004, the array was presented to the cooperating witness ("CW"). CW selected the Defendant. Defendant challenges the pre-trial identification made by CW by moving to suppress said identification.

**II.    Motion to Suppress Identification**

Defendant claims that because the identification was made by an informant and Defendant has not been provided the time, date, and circumstance of the identification procedure, the constitutionality of the identification is unclear at this time. Therefore,

Defendant asks that the identification and statements attributed be suppressed or a hearing be held. The United States describes the procedure used with the photographic array and counters that the array was fair and, even assuming suggestiveness, was inherently reliable.

There is no obligation to use a lineup, rather than a photo array, even when the suspect is in custody. *See United States v. Anglin*, 169 F.3d 154, 160 (2d Cir. 1999). When a witness has made a pretrial identification, the first step is to determine whether the pretrial identification procedures were unnecessarily suggestive. *See United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). If the procedures were unnecessarily suggestive, the second step is to determine whether the identification testimony is nevertheless admissible because it is "independently reliable rather than the product of the earlier suggestive procedures." *Maldonado-Rivera*, 922 F.2d at 973. If they were not, the challenge is denied, and the reliability of the identification is a question only for the jury. *See Jarrett v. Headley*, 802 F.2d 34, 42 (2d Cir. 1986).

"The fairness of a photo array depends on a number of factors, including the size of the array, the manner of presentation by the officers, and the array's contents." *Maldonado-Rivera*, 922 F.2d at 974. For example, the defendant's photograph should not be the only one in the array that matches the witness' description of the suspect. *Maldonado-Rivera*, 922 F.2d at 974. "One would think that if a suspect is described only in terms of one characteristic, the filler photos in an array would also portray people having that characteristic." *United States v. Eltayib*, 88 F.3d 157, 166 (2d Cir. 1996) (witness described suspect as having full head of bushy hair; all photos but that of suspect had hair cropped out); *see also United States v. Fernandez*, 456 F.2d 638, 641-42 (2d Cir.

1972) (array impermissibly suggestive where surveillance photos depicted light-skinned male with "afro" and defendant's photo was only one of six in array that "remotely resemble[d]" that description).

The Court finds that the photo array was not impermissibly suggestive, and, therefore, the pretrial identification procedure should not be suppressed. The Court reviewed the declaration of Suzan Colon (the "Special Agent"), Special Agent of the Drug Enforcement Agency, dated August 27, 2004. The Special Agent describes the array as containing six black and white photographs of individuals who resembled one another. The array was presented to the CW on April 20, 2004. CW "quickly selected Contreras….The CW was not provided with any verbal or nonverbal encouragement to select any particular photograph, or to pick any photographs at all." CW was presented with three arrays and selected an individual from only two of the arrays, including the one featuring Contreras. Any element of impermissive suggestiveness is accordingly corroborated by CW's failure to select any photographs from the third photo array. Moreover, CW informed the Special Agent and other agents that "he had dealt often with [the Defendant] in narcotics transaction, that he had clearly noted [his] physical appearance at these times, and that he had dealt with [Defendant] on several occasions, including within the previous year." The Court finds that the procedures used in procuring a pre-trial identification of the Defendant were proper and reliable.

The Court also reviewed a copy of the photo arrays used during the identification procedure. Each array contained six black and white photographs of men generally resembling each other. Not only did the arrays contain multiple pictures, but also the

men featured look similar to one another. The photo arrays are not impermissibly suggestive. Therefore, the challenge is denied.

### III. Conclusion

For the foregoing reasons, the pre-trial identification procedure utilized by law enforcement which led to the identification of the Defendant by a cooperating witness was not impermissibly suggestive. Consequently, Defendant's motion to suppress the identification is hereby denied.

IT IS SO ORDERED.

Dated: White Plains, NY
March 21, 2005

_____
Stephen C. Robinson, U.S.D.J.